# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Warrant or Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 54]

Name of Offender: <u>Jonathan O'Bryan Walker</u>   Case Number: <u>1:09-00001</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>July 17, 2009; revoked October 10, 2012</u>

Original Offense: <u>Felon in Possession of a Firearm, 18 U.S.C. 922(g)(1)</u>

Original Sentence: <u>30 months' imprisonment and 3 years' term of supervised release; revoked and sentenced to 4 months' imprisonment and 1 year supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>February 27, 2013</u>

Assistant U.S. Attorney: <u>Darryl Stewart</u>   Defense Attorney: <u>Sumter L. Camp</u>

## PETITIONING THE COURT

- ☐ To issue a Summons
- ☐ To issue a Warrant
- ■ To Consider Additional Violations/Information

**THE COURT ORDERS:**

- ☐ No Action
- ☐ The Issuance of a Warrant:
    - ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons.
- ☑ The Consideration of Additional Alledged Violations/Information
- ☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place   Nashville, TN

Considered this 30th day of July, 2013, and made a part of the records in the above case.

_____
Honorable William J. Haynes, Jr.
Chief U. S. District Judge

Date   July 29, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 54, has been amended as follows:

Violation No. 2 - has been amended to include additional information

Violation No. 3 - Sentencing Recommendation page - has been amended to correct statutory provisions for custody period

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No. Nature of Noncompliance

1. **The defendant shall reside at a half-way house for a period of 4 months.**

On June 21, 2013, Mr. Walker was terminated from Diersen Charities for failure to pay subsistence.

2. **The defendant shall participate in a program of substance abuse at the direction of the probation officer.**

Mr. Walker was terminated from treatment at Centerstone in Madison after he failed to report for an intake assessment on April 17, and April 26, 2013.

Mr. Walker was referred for a substance abuse assessment at Centerstone in Columbia in June 2013.

3. **The defendant shall submit to drug testing at the request of the probation officer.**

Mr. Walker failed to report for random drug testing on July 8, 2013. He was contacted by the probation officer and instructed to report for drug testing on July 9, 2013. He failed to report for drug testing on July 9, 2013, as well. A drug test was completed on July 10, 2013, and the results were negative for illegal drugs.

**Compliance with Supervision Conditions and Prior Interventions:**

Jonathan Walker is currently on a subsequent term of supervised release after his initial term was revoked on October 10, 2012, for positive drug screens for marijuana and not participating in substance abuse treatment. He resides with his parents in Columbia, Tennessee. He married on March 4, 2013, but is not living with his wife and their infant son as she resides in public housing where he is precluded from residing due to his felony conviction. Mr. Walker is employed at Taco Bell, in Columbia. All of his drug screens have been negative since beginning his latest term of supervised release.

Mr. Walker was placed at Diersen Charities on March 11, 2013, as a special condition of supervised release. He began getting behind on his subsistence payments soon after he arrived at Diersen Charities. He applied for a subsistence waiver with the Bureau of Prisons, but his request was denied. Eventually, he was over $100 delinquent on his subsistence payments and as a result, he was terminated from Diersen Charities on June 21, 2013.

While at Diersen Charities, Mr. Walker was referred for an intake assessment at Centerstone in Madison. He cancelled his first appointment on April 17, 2013. Mr. Walker reported that this appointment conflicted with his work schedule. He rescheduled his intake assessment for April 26, 2013. However, he did not show for this appointment. Mr. Walker reported that he did not know his way around Nashville very well and missed the second appointment. After missing two consecutive appointments, he was terminated from Centerstone in Madison.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional information be considered at the revocation hearing scheduled before Your Honor on August 16, 2013. This matter has been submitted to Assistant U. S. Attorney Darryl Stewart, who concurs with the recommendation

Approved: *[signature]*
W. Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JONATHAN O'BRYAN WALKER, CASE NO. 1:09-00001

**GRADE OF VIOLATION:**　　C
**CRIMINAL HISTORY:**　　VI

**ORIGINAL OFFENSE DATE:**　　POST APRIL 30, 2003　　PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. §7B1.4(a)* | No Recommendation |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years *U.S.S.G. §5D1.2(a)(2)* | No Recommendation |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(2).

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Jonathan O'Bryan Walker

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 1:09CR00001 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 7 / 17 / 2009
                         *month  day  year*

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | failure to reside at halfway house for 4 months | C |
   | failure to participate in substance abuse treatment | C |
   | failure to report for drug testing | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    C

10. **Range of Imprisonment** *(see §7B1.4(a))*    8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Jonathan O'Bryan Walker

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($) _____          Home Detention _____

    Other _____            Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 to 3 years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days